IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO TIRREL WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-150 |
| | ) | |
| THE STATES OF GA. AND VA.; DEPUTY | ) | |
| WARDEN MOHAMEAD; FORMER | ) | |
| WARDEN SCOTT WILKS; DEPUTY | ) | |
| WARDEN HARRIS; DEPUTY WARDEN | ) | |
| COLOANIE and WARDEN JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On July 1, 2025, Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983. The same day, the Clerk of Court sent Plaintiff a deficiency notice concerning the need to submit appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"), as is required by Local Rule 4.1, within twenty-one days. (See doc. no. 2.) Plaintiff thereafter submitted a motion to proceed IFP, (doc. no. 3), and on July 23, 2025, the Court granted Plaintiff's IFP request, subject to returning his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days. (See doc. no. 4, pp. 1-4.) The Court advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full, and cautioned him that failure to respond with the required IFP paperwork would be an election to have this case voluntarily dismissed without prejudice. (See id.); 28 U.S.C. § 1915(b)(1). The Court also directed Plaintiff to submit an amended complaint within that same thirty-day period. (See doc. no. 4, pp. 4-7.) When the time to respond had passed

without Plaintiff submitting the required IFP paperwork or an amended complaint, the Court issued a Report and Recommendation ("R&R") on September 10, 2025, advising that the case be dismissed without prejudice and closed because Plaintiff had neither submitted an amended complaint, nor fulfilled the requirements for proceeding IFP or paid the full filing fee. (Doc. no. 6.)

After entry of the recommendation for dismissal, the Clerk received an amended complaint, Consent to Collection of Fees form, and an incomplete Prisoner Trust Fund Account Statement from Plaintiff. (See doc. nos. 8, 9, 10.) The account statement is not signed by a prison official. (See doc. no. 10, p. 1.) Moreover, the Court cannot discern the correct partial filing fee amount owed by Plaintiff based on the information provided. (See id.) In particular, the responses to the questions inquiring into Plaintiff's finances are deficient because they contain a range, rather than definitive, numbers. (See id.) Specifically, in response to the question about Plaintiff's average monthly deposits during the six months prior to receipt of the complaint, handwritten are the numbers "100.00 to 40.00." (Id.) For the question about Plaintiff's average monthly balance during the six months prior to receipt of the complaint, the numbers "40.00 to 60.00" are provided. (Id.) What's more, Plaintiff failed to attach a complete supporting ledger sheet. (See id.) Instead, he only provided a printout of page three, which lists four June 2025 transactions and Plaintiff's obligations. (Id. at 3.) Notably, this page lacks information about the amount currently in Plaintiff's account. (Id.) Accordingly, without accurate, specific information about Plaintiff's finances, as corroborated by the requested attached ledger sheets, the Court is unable to determine the correct partial filing fee amount owed by Plaintiff. See 28 U.S.C. § 1915(b).

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments.

<u>Wilson v. Sargent</u>, 313 F.3d 1315, 1319-20 (11th Cir. 2002).  Upon consideration, Plaintiff shall have until October 23, 2025, to submit the required Prisoner Trust Fund Account Statement signed by an authorized prison official, with the required supporting documentation attached.  The Court **DIRECTS** the **CLERK** to include another Prisoner Trust Fund Account Statement form originally attached to the Court's July 23rd Order, stamped with the above-captioned civil action number, with Plaintiff's service copy of this Order.  To ensure that prison officials have received the Trust Fund Account Statement, the Court also **DIRECTS** the **CLERK** to serve this Order on Plaintiff's custodian and to include a Prisoner Trust Fund Account Statement with that service copy.  The Court is confident that prison officials will expeditiously fill out the form and return it to Plaintiff.

Plaintiff must return the Trust Fund Account Statement to the Court by no later than October 23, 2025.  Failure to return the required paperwork will be an election to have this case dismissed without prejudice, and the Court's September 10th R&R will be submitted to the presiding District Judge for consideration.

SO ORDERED this 6th day of October, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA